INTERNATIONAL UNION, UNITED AU-
TOMOBILE, AEROSPACE & AGRI-
CULTURAL IMPLEMENT WORKERS
OF AMERICA, UAW, Petitioner,

v.

OCCUPATIONAL SAFETY & HEALTH
ADMINISTRATION, U.S. Department
of Labor, Respondents,

The Dow Chemical Company, American
Petroleum Institute, National Confec-
tions Association, Chocolate Manufac-
turers Association, Intervenors.

NATIONAL ASSOCIATION OF
MANUFACTURERS,
Petitioner,

v.

OCCUPATIONAL SAFETY & HEALTH
ADMINISTRATION, U.S. Department
of Labor, Elizabeth Dole, Secretary of
Labor, Respondents,

Motor Vehicle Manufacturers
Association of the United
States, Intervenor.

INTERNATIONAL UNION, UNITED AU-
TOMOBILE, AEROSPACE & AGRI-
CULTURAL IMPLEMENT WORKERS
OF AMERICA, UAW, Oil, Chemical &
Atomic Workers International Union,
Petitioners,

v.

OCCUPATIONAL SAFETY & HEALTH
ADMINISTRATION, U.S. Department
of Labor, Respondents.

Nos. 89–1559, 89–1657 and 90–1533.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 6, 1992.

Randy S. Rabinowitz, Washington, D.C., Jordan Rossen, Ralph Jones, International Union, UAW, Detroit, Mich., for petitioner Intern. Union, United Auto. Workers.

John Shortall, Office of the Sol., U.S. Dept. of Labor, Cynthia L. Attwood, Barbara Werthmann, Bruce Justh, Washington, D.C., for respondent Occupational Safety & Health Admin.

Toby A. Threet, The Dow Chemical Co., Midland, Mich., for Dow Chemical Co.

G. William Frick, American Petroleum Institute, Washington, D.C., for American Petroleum Institute.

David B. Robinson, Patton, Boggs and Blow, Washington, D.C., for Chocolate Mfrs. Ass'n and Nat. Confections Ass'n.

David C. Vladeck, Public Citizen Litigation Group, Washington, D.C., for Oil Chemical and Atomic Workers Union, intervenors.

W. Scott Railton, Reed, Smith, Shaw & McClay, McLean, Va., Jan S. Amundson, Washington, D.C., for Nat. Ass'n of Mfrs.

William H. Crabtree, Detroit, Mich., for Motor Vehicle Mfrs. Ass'n of the U.S.

Before: WILLIAMS, HENDERSON and RANDOLPH, Circuit Judges.

### ORDER

PER CURIAM.

Upon consideration of the motion of petitioner National Association of Manufacturers (NAM) for enforcement of judgment, the responses thereto, the reply, the motion of respondent Secretary of Labor to declare remand issues resolved and to dissolve requirement for status reports and of the response thereto, it is

ORDERED, by the Court, that the aforesaid motions of petitioner NAM and respondent Secretary are denied, for the reasons set forth in the opinion of the court filed herein this date.

Opinion filed Per Curiam.

PER CURIAM:

On July 12, 1991 we issued an opinion on the merits of this case, 938 F.2d 1310 (D.C.Cir.1991), rejecting the Department's construction of § 6(b)(5) of the Occupational Safety and Health Act, 29 U.S.C. § 655(b)(5) (1988), *id.* at 1321, and remanding the matter for the Department to develop an interpretation of the section consistent with our construction of its essential character, *id.* at 1325–26. Because of uncertainties as to the impact of vacating the rule in dispute, the "lockout/tagout" standard, 29 CFR § 1910.147, we called for briefing of that issue, *id.* at 1323. Ultimately we denied petitioner National Association of Manufacturers' request for vacatur. Order of September 16, 1991 (per curiam). Concerned that a rule of questionable legality might long persist, however, we ordered reports every 60 days on the progress of the matter within the Department. *Id.*

The NAM has now filed a "Motion to Enforce Judgment", and the Department has not only opposed the motion but filed its own "Motion to Declare Remand Issues Resolved and to Dissolve Requirement for Status Reports". We deny both motions.

■ *The Department's Motion:* The Department first argues that we have no jurisdiction over the matter, as we remanded the case, not the record. See 938 F.2d at 1326. But regardless of whether we remand "the case" or "the record", the court retains a residual jurisdiction to enforce its mandate, which the NAM here invokes. *City of Cleveland v. Federal Power Comm'n*, 561 F.2d 344, 346 (D.C.Cir.1977) (appellate decision binds further action in the litigation by agency subject to its authority and the court "is amply armed to rectify any deviation"); see also *American Trucking Ass'ns, Inc. v. Interstate Commerce Comm'n*, 669 F.2d 957, 961 (5th Cir.1982) (following *City of Cleveland* and holding that "we have jurisdiction to enforce our prior mandate"). Our requirement of status reports every 60 days plainly manifests this residual jurisdiction.

■ More substantively, the Department claims that *arguments* that it has adduced in *another matter*, a rule on highly hazard-

ous chemicals and related matters, see 57 Fed.Reg. 6356 (1992), somehow constitute conformity to our mandate. Obviously action in conformity to law on one proposed rule (if it be that) does not give relief to the petitioner here; it has been subjected to a completely different rule, formulated by the Department pursuant to theories that we found in violation of the enabling act. Moreover, we have no jurisdiction over the highly hazardous chemicals matter, so it is startling that the Department should invite us, in effect, to assess it for conformity to our mandate here.

■ *The NAM's Motion:* The NAM notes that the Department's status reports have been extremely vague, so much so as to be consistent with complete bureaucratic immobility on the matter. Further, it identifies a number of positions that the Department has taken in other matters that it believes reflect at best great reluctance to comply with our construction of § 6(b)(5), at worst a flat refusal to do so.

It is certainly hard to detect any affirmative evidence of Department compliance with our mandate, and the parties' discussions of other activities of the Department—none of them officially before us—appear not inconsistent with complete recalcitrance. Nonetheless, and bearing in mind that the capital costs of compliance are sunk, we remain reluctant to vacate a rule that may ultimately prove sustainable. Accordingly, we deny the NAM's motion at ·this time. We note, however, that with the passage of over a year since our initial decision the time for clear evidence of good faith compliance has arrived.